FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 09 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
CARLOS TRIANA-GUZMAN,                                          :    **MEMORANDUM**
                                                               :    **DECISION AND ORDER**
                   Petitioner,                                 :
                                                               :    10 Cr. 360 (BMC)
        - against -                                            :
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                   Respondent.                                 :
                                                               :
-------------------------------------------------------------- X

**COGAN**, District Judge.

   Petitioner Carlos Triana-Guzman, appearing *pro se*, moves to modify a sentence imposed by the Court. Petitioner did not bring his motion pursuant to any particular rule or statute. However, because his motion to amend the sentence would be time-barred if brought pursuant to Fed. R. Crim. P. 35, the only available procedure for the relief sought is 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

   Liberally construed, the Court would normally treat petitioner's motion as a petition for a writ of habeas corpus under § 2255. However, the Second Circuit has cautioned district courts against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive

habeas petitions without the Circuit Court's permission. Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). The Second Circuit ruled that "a motion purportedly made under some other rule" should not be

> recharacterize[d] ... as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584; accord Castro v. United States, 540 U.S. 375, 383 (2003) (setting forth limitations on recharacterization of a first § 2255 motion).

Accordingly, petitioner is hereby notified that the Court finds that his motion should be construed as a habeas petition under 28 U.S.C. § 2255. This recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" petitions.[1]

Petitioner may withdraw the motion if he does not wish to pursue relief under § 2255, or he may amend his motion so that it contains all the § 2255 claims he wants this Court to review. Should petitioner choose to withdraw or amend the motion, he must notify the Court in writing within 21 days. Before petitioner decides to withdraw the motion, the Court advises him that any motion under § 2255 must be filed within the one-year statute of limitation period set forth below.[2]

---

[1] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

[2] A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date

No answer shall be required at this time and all further proceedings shall be stayed for 30 days from the date of the instant Order. If petitioner fails to notify the Court within 21 days that he wishes to withdraw or amend his motion, it will be adjudicated under § 2255.

The Clerk of the Court is directed to mail a copy of this Memorandum Decision and Order to petitioner *pro se*.

**SO ORDERED.**

s/Brian M. Cogan<br>―――――――――――――<br>U.S.D.J.

Dated: Brooklyn, New York
      September 8, 2011

---

on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).